MARY SCHULTZ
MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NADINE WOODWARD,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SPOKANE, BETSY WILKERSON, LORI KINNEAR, KAREN STRATTON, and ZACK ZAPPONE, each in his or her personal and official capacity,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES, AND DECLARATORY AND INJUNCTIVE RELIEF<br><br>With Jury Demand |

COMPLAINT
Page 1 of 36



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Plaintiff Nadine Woodward, through attorney Mary Schultz of Mary Schultz Law, P.S., claims as follows:

## I.    INTRODUCTION

This civil rights action seeks damages caused by the Defendant City of Spokane's Resolution No. 2023-0081, adopted on September 25, 2023 by the majority vote of the four individually named defendants, as well as declaratory and injunctive relief. In the weeks before a razor-thin mayoral election, Defendants used the City's legislative power to pass a formal city policy denouncing incumbent candidate Plaintiff Nadine Woodward by name for her protected religious speech and association at an August 20, 2023 religious event. Defendants timed and designed their Resolution to chill Plaintiff's speech, damage her reputation, and disadvantage her candidacy. Defendants' Resolution was designed to alienate Plaintiff Woodward's donors, supporters, and voters against her during the electoral process, and to divert and exhaust Plaintiff's time and economic resources. Within hours of Plaintiff Woodward's appearance at a prayer event, Defendants initiated a resolution process, then solicited favored faith leaders, circulated drafts of a faith leader letter, created a resolution

COMPLAINT
Page 2 of 36

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

adopting those faith leaders' requests, and posted the resolution for action on September 25, 2023. The Resolution formally denounced Plaintiff Woodward, branding, stigmatizing, and enshrining her by city policy as aligned with bigoted, hateful, and white nationalist views, and disloyal to the City of Spokane and its citizens. Defendants adopted their Resolution by their own majority vote on September 25, 2023. The general election occurred November 7, 2023, turnout was 70,048, and Plaintiff Woodward lost by 2,822 votes. The harms inflicted include reputational damage, economic donor impact, staff impacts, economic loss, chilling effect, threats, and continuing effects of the Resolution.

## II.    PARTIES, JURISDICTION, AND VENUE.

2.1    Plaintiff Nadine Woodward was elected as the City of Spokane's Mayor on November 5, 2019.  Her term of office commenced on January 1, 2020, and would extend through December 31, 2023.

2.2    The City of Spokane is a municipal corporation which operates under its City Charter.

2.3    As a local government unit, the City of Spokane is a person to whom 42 U.S.C. §1983 applies.

COMPLAINT
Page 3 of 36

*Mary Schultz Law, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.4    The individually named defendants were voting members of Spokane's City Council in the summer and fall of 2023, residents of the City of Spokane, residents of Spokane County, and citizens of the state of Washington, during the relevant times of this complaint, acting as follows:

- Lori Kinnear (City Council President);
- Betsy Wilkerson (District 2);
- Karen Stratton (District 3); and,
- Zack Zappone (District 3).

2.5    The acts described in this complaint took place in Spokane County, Washington.

2.6    The United States District Court has original jurisdiction of this civil action arising under the Constitution and laws of the United States. 28 U.S.C. § 1331.

2.7    This Court has supplemental jurisdiction over state law claims. 28 U.S.C. § 1367.

2.8    This Court has personal jurisdiction over all parties.

2.9    Venue is proper in the Eastern District of Washington per 28 U.S.C. § 1391(b)(2) in that all parts of the events giving rise to the claims occurred in this District.

COMPLAINT
Page 4 of 36

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

## III.  FACTS.

### A.  Defendants' Role is to Make Laws and Policy; a Mayor's Role as CEO is to Enforce That Policy and Those Laws.

3.1     On January 1, 2020, Plaintiff Nadine Woodward became the City Mayor and thus the corporation's "Chief Executive Officer" by City Charter, Article II, Section 5.

3.2     Spokane's City Council is the City's legislative body, and thus has the role of making laws and policy.

3.3     Plaintiff Woodward's role as mayor was to enforce laws and policy implemented by the City Council.

### B.  The Candidates for Election.

3.4     The City of Spokane was to hold its general election for City Mayor on November 7, 2023.

3.5     On May 16, 2023, Mayor Woodward declared her candidacy for reelection.

3.6     On May 15, 2023, challenger Lisa Brown declared her candidacy for Mayor.

COMPLAINT
Page 5 of 36

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.7     The Mayor and City Council roles are non-partisan, but members are elected to align with certain progressive or conservative agendas. Mayor Woodward was considered a conservative, pro-business candidate, and in the summer of 2023, the four individually named Defendants, four of Spokane's City Council's seven members, were considered to have progressive liberal agendas.

3.8     Challenger Lisa Brown had a long history of promoting progressive agendas. She had been a high-ranking formal member of the Democratic party, starting as a democratic state representative for Spokane's 3rd Legislative District between 1993-96. She became a state senator of the 3rd District, serving from 1997-2012, and she became the State's Senate Majority Leader from 2008-2012. After Brown unsuccessfully ran for the United States Congress in 2018, losing to a Republican, she was appointed by Washington's democratic governor (Jay Inslee) to his cabinet as the Washington State Department of Commerce Director.  In 2023, challenger Brown lived in Spokane performing her state cabinet duties.

3.9     On February 13, 2023, Brown announced that she would step down from her role as Commerce Director effective March 3, and in March 2023,

COMPLAINT
Page 6 of 36

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Brown publicly announced her challenge to Woodward for the City Mayor's position.

3.10    Defendants Kinnear, Wilkerson, Stratton, and Zappone were politically aligned with challenger Lisa Brown.

C. The August 1, 2023 Primary Election Showed an Extremely Close Race.

3.11    Both candidates raised unprecedented sums in contribution (Woodward $572,203.74; Brown $523,743.89).

3.12    An August 1, 2023 primary showed only 5,726 votes separating the candidates out of the primary's 52,296 voters.

3.13    The general election would be held on November 7, 2023.

D. Plaintiff's August 20, 2023 Protected Speech.

3.14    On August 20, 2023, Plaintiff Woodward attended a public prayer service advertised as a Christian worship ceremony.

3.15    One participant was Pastor Matt Shea, who described himself in a complaint he filed in the Spokane County Superior Court against the City of Spokane on December 31, 2024, as a "Senior Pastor at On Fire Ministries in Spokane, Washington."

COMPLAINT
Page 7 of 36

*MARY SCHULTZ LAW, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.16    Mr. Shea would describe the August 20, 2023 event thusly: "In August 2023, over a thousand Christians gathered at the Let Us Worship revival event in Spokane to pray, worship, and glorify Jesus Christ."

3.17    Another leader of the event was Sean Feucht, who described himself in a complaint he filed on June 5, 2024 against the City of Spokane, as a resident of Washington, D.C. and California, "a speaker, author, missionary, artist, activist, and the founder of multiple global movements," and "the leader of Let Us Worship, a movement across America gathering believers to worship and pray boldly for revival."

3.18    Plaintiff Woodward attended the event to participate in the prayer. As she later explained to the media: "I was there to pray for my city, with 4,000 other people from the faith community, with dozens of other pastors there…. I was there to pray for the city. That was the primary reason I was there, and I wasn't going to walk away from my purpose of being there — to pray for families

COMPLAINT
Page 8 of 36

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

who are hurting [in] our community. To me, that's the important thing that we're missing in all of this is why I was there." [1]

3.19    According to both Pastor Shea and Sean Feucht, they asked Woodward to join them on the stage, "where Pastor Shea prayed for her and her team's leadership of Spokane." Shea Complaint, para. 5.

3.20    According to Mr. Feucht, "The mayor of Spokane, Washington, Nadine Woodward, attended the August 20, 2023, event to worship Jesus" and Feucht "prayed for the mayor while the mayor was on stage." Feucht First Amended Complaint, at para. 2.6.

3.21    A participant recorded video of Plaintiff Woodward raising her hands in prayer during the prayers.

3.22    At one point in the meeting, one of the prayer leaders physically "embraced" Plaintiff Woodward.

---

[1] https://www.khq.com/elections/spokane-mayor-nadine-woodward-recalls-prayer-event-with-matt-shea/article_a7dcc4de-4ea8-11ee-8a9c-47030726282d.html

COMPLAINT
Page 9 of 36

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.23    Prayer fell outside Plaintiff's official duties as City Mayor. Plaintiff, even as Mayor, spoke at the August 2023 event as a private citizen.

3.24    The individual Defendants on the City Council were immediately made aware of Plaintiff Woodward's appearance at this event.

3.25    The individual Defendants seized an opportunity to influence the impending election by use of legislative authority.

E. Defendants Used a Resolution Process to Expedite Legislation to Meet the Critical Pre-election Time Period.

3.26    Defendants sought to punish Plaintiff Woodward for her association and prayer, in the process influencing the election against her.

3.27    Defendants had options to address any perceived ethical issues by various means, but those means allowed others to make the final decision. Defendants could, e.g., initiate an ethics process and commission, but the decision would be made by the commission. Defendants could initiate a recall process, but the voters would make that decision. Defendants could act by ordinance to set policy, but the mayor was required to approve an ordinance, and the mayor could also veto the ordinance.

COMPLAINT
Page 10 of 36

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.28    Defendants thus selected action by resolution so they could unilaterally control the outcome, expedite, punish, and influence the election. The resolution process allowed Defendants to make city policy with only their own four concurring votes. [2]

3.29    Within hours of the prayer event, Defendants initiated the resolution process.

3.30    By August 24, 2023, Defendants had solicited a "collective of Spokane faith leaders" to condemn Woodward; thereafter, at least four drafts of a draft letter were circulated condemning Woodward for her association and prayer, and Defendants would codify these faith leaders' agenda as Resolution No. 2023-0081.

3.31    A city policy of worthy goals need not target an individual, much less do so in gratuitous and excessive detail.

3.32    Defendants' Resolution is a policy targeting Plaintiff Woodward by name, because it was intended to be punitive, and damaging to her.

---

[2] Article III: Council and Legislation, Section 11: Voting Power.

COMPLAINT
Page 11 of 36

3.33    Resolution No. 2023-0081's stated purpose is as "A Resolution formally denouncing Mayor Nadine Woodward's actions that affiliated the City of Spokane and its residents with former Washington State Representative and identified domestic terrorist, Matt Shea, and known anti-LGBTQ extremist Sean Feucht."

3.34    Defendants' Resolution details in unnecessary and gratuitous length why Plaintiff Woodward needs to be condemned.

3.35    Defendants' Resolution was legislative retaliation and denunciation as punishment.

3.36    Defendants' Resolution was legislative interference with a candidate's chances in an election as punishment.

3.37    As examples, Defendants' Resolution first demonizes Matt Shea and Sean Feucht.

3.38    Defendants' Resolution then states that Plaintiff Woodward's appearance with Shea and Feucht supported hateful doctrines.

3.39    Defendants' Resolution condemned Plaintiff Woodward for accepting the physical embrace of Pastor Shea.

COMPLAINT
Page 12 of 36

3.40    Defendants' Resolution equates Plaintiff Woodward's appearance at the prayer event to her alignment with "ideologies that promote fear, hatred, violence, and bigotry."

3.41    Defendants' Resolution contrasts themselves with Plaintiff Woodward's asserted support of Christian nationalism or white supremacy.

3.42    Defendants condemned Plaintiff Woodward's actions as having "affiliated the City of Spokane and its residents with former Washington State Representative and identified domestic terrorist, Matt Shea, and known anti-LGBTQ extremist Sean Feucht."

3.43    Defendants' Resolution favored certain faith leaders' letter and theory, including, e.g. "We hold fast to the separation of church and state, as articulated in our nation's constitution. Further, we reject these attempts to cloak bigotry in religious language."  Defendants' Resolution states "The Spokane City Council believes in separation of church and state and an individual's right to practice religion freely Rejecting attempts to cloak bigotry in religious language."

3.44    Defendants' Resolution favored challenger candidate Lisa Brown's progressive agenda by legislation by adopting Democratic party

COMPLAINT
Page 13 of 36

platform concepts such as "inclusivity," and the community's ability to "create a caring and inclusive culture and climate," as city policy.

3.45    Defendants' Resolution reminded citizens that Plaintiff Woodward had rejected the phrase "In Spokane We All Belong" as a City Motto, positioning this as Plaintiff Woodward's pattern of rejection of inclusivity, which Defendants now joined to Plaintiff's alleged open promotion of fear, hatred, violence, and bigotry.

3.46    Defendants targeted and condemned Plaintiff Woodward to alienate her donors, supporters, staff, and voters from her, and exhaust her financial resources.

3.47    Defendants distributed copies of Resolution 2023-0081 for the Council by September 8, 2023, and publicly posted the resolution on September 18, 2023 for formal action at the next week's agenda, setting approval for September 25, 2023.

3.48    The Resolution was to be presented by Defendants at an open forum of voters to cause Woodward maximum damage and infamy.

COMPLAINT
Page 14 of 36

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.49    On September 25, 2023, at the open forum, Defendants invited public denigration of Plaintiff Woodward, and then enacted their Resolution 2023-0081 by their four majority votes.

3.50    Defendant City of Spokane adopted Resolution No. 2023-0081 on September 25, 2023, signed by the Defendant City's Clerk and Assistant City Attorney, Michael J. Piccolo.

3.51    Resolution 2023-0081 was now city policy, "directly related to local affairs or municipal business." Council Rules of Procedure 7.3. The resolution now related to the *governance* of the City of Spokane.

3.52    Mayor Woodward was now required to "faithfully enforce" this progressive agenda and compelled speech as city policy.[3]

---

[3] Article IV, Administration of City Affairs, Section 24 (J) (Mayor) (identifying "The duty to see that all laws and ordinances are faithfully enforced and that law and order are maintained in the City.").

COMPLAINT
Page 15 of 36

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.53    City resolutions are permanent absent amendment or repeal. [4]

3.54    Defendants' passage of the resolution denouncing Woodward for appearing at event with Matt Shea garnered statewide media coverage.

F.    November 7, 2023 Election Result.

3.55    The November 7, 2023 election drew 70,048 voters.

3.56    Woodward lost the election by 2,822 votes.[5]

G.    Injury and Costs.

3.57    Defendants' Resolution was timed to coincide with the election cycle, and to damage Plaintiff Woodward's reputation with donors, supporters and voters.

---

[4] Article XII, Miscellaneous, Section 119, "Continuation of Ordinances" ("Every ordinance and resolution in force at the time of the adoption of any amendment to this Charter, except insofar as it is inconsistent with the amendments to said Charter, shall continue in force until amended or repealed").

[5]    https://www.spokesman.com/elections/2023/washington-general-election-nov-7/races/citytown/city-of-spokane/spokane-mayor/

COMPLAINT
Page 16 of 36

*Mary Schultz Law, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.58    Defendants' intent was to cause Plaintiff a loss of legitimacy and voter trust, which are vital in an election.

3.59    The formality of Defendants' Resolution targeting Plaintiff as aligned with hateful, bigoted views damaged Woodward's candidacy and her professional reputation.

3.60    Defendants' actions were intended to, and did, brand, stigmatize, and damage Plaintiff Woodward, and impact and chill Plaintiff's relationships with third parties around her.

3.61    Defendants' actions discouraged people from associating with Plaintiff.

3.62    Donor identity is available publicly, and Plaintiff lost donations.

3.63    Defendants' actions adversely impacted Plaintiff's staff, damaged staff morale, and eviscerated enthusiasm.

3.64    Plaintiff incurred economic loss. Available resources and time were diverted to defending and defusing character assassination.

3.65    Plaintiff incurred economic costs for political consultant time in determining how to address the Defendants' branding legislation as City policy.

COMPLAINT
Page 17 of 36

MARY
SCHULTZ
LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.66    Woodward was injured by the chilling effect of such governmental targeting.

3.67    Woodward ceased communicating with parts of her constituency as city policy.

3.68    Woodward was compelled by the timing and the weight of government branding of her to apologize for her associations and prayer and justify both.

3.69    Resolution 2023-0081 remains active.

3.70    The effect of Defendants' Resolution presents ongoing, actual (and) imminent restrictions. Defendants' policy continues to directly target and denounce Woodward by name.

3.71    Defendants' Resolution continues to interfere with Woodward's ability to speak and associate freely and publicly within the City of Spokane without harm.

3.72    Plaintiff Woodward continues to suffer ongoing injury, including vitriol, backlash and threats, all of which has caused Plaintiff fear of physical harm.

COMPLAINT
Page 18 of 36

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.73    Woodward has received threats, and altered her work and social habits, which have caused her isolation and exclusion;

3.74    Defendants' Resolution has caused social and professional isolation, and fear of entering public spaces without restricted or controlled access.

3.75    Defendants' action resulted in Woodward's loss of income, as well as business and professional opportunities generating income.

3.76    Plaintiff suffered economic and noneconomic damage, including loss of professional and social standing, loss of reputation, loss of income, shunning, anxiety, fear, isolation, and distress. All of these damages are continuing.

3.77    Plaintiff's injury may be redressed by a favorable decision invalidating this Resolution.

### H. State Tort Claims Pre-Filing.

3.78    Plaintiff Woodward filed a pro se tort claim on July 18, 2024, asserting state tort claims, and giving notice of Defendant's civil rights violations. Plaintiff amended her tort claim on April 13, 2026.

COMPLAINT
Page 19 of 36

IV.    CAUSES OF ACTION.

4.1    Plaintiff Woodward repeats and realleges the allegations above, as if fully set forth herein.

A. 42 U.S.C. § 1983.

4.2    The City of Spokane was and is a local government, and a "person" for purposes of § 1983.

4.3    The City of Spokane, acting under color of state law, deprived Plaintiff Nadine Woodward of the constitutional rights detailed below.

B. Defendants Violated Plaintiff's First Amendment Right by Retaliation Against Her for Protected Speech.

4.4    Plaintiff Woodward was a candidate for office who engaged in constitutionally protected speech by attending a public event.

4.5    Plaintiff had a First Amendment right to engage in political and religious speech free from legislative coercion.

4.6    Defendants retaliated against Plaintiff for her exercise of free speech, and violated her rights under the First Amendment to the United States Constitution, U.S. Const. amend. I, because she associated with and prayed with governmentally disfavored individuals.

COMPLAINT
Page 20 of 36

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.7    Defendants, as a legislative body, punished, branded, stigmatized, censured, and denounced Plaintiff by legislative enactment for protected speech and caused Plaintiff injury.

4.8    Defendants' Resolution was not an act of internal legislative self-governance but an act of speech suppression, compelled speech, and retaliation for protected speech and association, and caused Plaintiff injury.

C. <u>Defendants Violated Plaintiff's Free Speech Right as a City Employee.</u>

4.9    Plaintiff was an employee of the City corporation, and its Chief Executive Officer (CEO).

4.10    The First Amendment guaranteed Plaintiff the right as a public employee to speak as a citizen addressing matters of public concern without employer retaliation.

4.11    Plaintiff spoke at the August 2023 event as a private citizen, because prayer is not part of her official duties as a public employee.

4.12    Defendants retaliated against Plaintiff by punishing, denouncing, and publicly denigrating her for her speech.

COMPLAINT
Page 21 of 36

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.13    Defendants' actions violated Plaintiff's First Amendment rights as a City employee and caused Plaintiff injury.

D. Defendants Violated Plaintiff's First Amendment Right to Assemble.

4.14    Plaintiff was guaranteed the right of peaceable assembly under the First Amendment.

4.15    By the same actions as detailed above, including by retaliation, Defendants violated Plaintiff's right to freely and peaceably assemble, and caused Plaintiff injury.

E. Defendants Violated Plaintiff's First Amendment Right under the Establishment Clause.

4.16    The First Amendment provides that Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.

4.17    The Establishment Clause protects religious observers against unequal treatment and against laws that impose special disabilities on the basis of religious status.

4.18    Defendants' actions and legislation favored one set of faith leaders and their statements ("We hold fast to the separation of church and state … reject

COMPLAINT
Page 22 of 36

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

attempts to cloak bigotry in religious language.") while punishing Plaintiff for associating with a disfavored religious event and leaders.

4.19   By endorsing statements from a selected "collective of Spokane faith leaders" while condemning Plaintiff's association with other religious leaders, the Resolution favored particular religious viewpoints and penalized others, creating unequal treatment.

4.20   Defendants' Resolution 2023-0081 violated the Establishment Clause, and caused Plaintiff injury.

F. Defendants Violated Plaintiff's First Amendment Right under the Free Exercise of Religion clause.

4.21   The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ...." U.S. Const. amend I.

4.22   Defendants' Resolution 2023-0081 favored one set of faith leaders over another, and punished Plaintiff for associating with the disfavored group.

4.23   Defendants' legislative action violates the Free Exercise Clause of the First Amendment and caused Plaintiff injury.

COMPLAINT
Page 23 of 36

*MARY SCHULTZ LAW, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

G. Defendants' Violated Plaintiff's Right to Equal Protection of the Law.

4.24  Defendants intentionally treated Plaintiff differently from her challenger candidate, singling her out for adverse treatment and legislative branding to disadvantage her candidacy and reputation in the November 2023 mayoral election. This conduct was arbitrary, motivated by animus, and lacked any legitimate governmental purpose.

4.25  Defendants violated Plaintiff's right to equal protection of the law and caused Plaintiff injury.

H. Defendants Violated Plaintiff's Due Process Right by Using Legislation to Influence an Election.

4.26  Election integrity and fairness is a constitutionally protected right. Under the Elections Clause of the United States Constitution, states may not issue procedural regulations intended to dictate electoral outcomes; such action is considered unconstitutional electoral manipulation.

4.27  As detailed above, Defendants used legislation as a tool to influence an election during a critical pre-election period, and to favor one candidate and one political platform over another, which violates due process.

COMPLAINT
Page 24 of 36

4.28    Defendants' Resolution was intended to divert attention to Plaintiff alleged alignment with "white nationalist" views, hatred, and bigotry, and to decisively influence third parties, including donors and voters, against Woodward.

4.29    Defendants' Resolution was intended to exhaust Plaintiff's financial resources.

4.30    Defendants used government legislative authority to handicap Plaintiff 's candidacy at a critical stage in the election process.

4.31    Defendants' actions violated due process guarantees attendant to candidacy in an election, and injured Plaintiff.

I.    Defendants Violated the Privileges and Immunities Clause.

4.32    Defendants enacted Resolution 2023-0081 for the purpose of depriving Plaintiff of the privileges and immunities of citizenship, including her rights to free speech, free association, and participation in the electoral process on equal terms with other candidates, as protected by Article IV, Section 2 of the United States Constitution and the Fourteenth Amendment.

COMPLAINT
Page 25 of 36

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.33   Defendants' legislative action targeted Plaintiff by name and publicly denounced her for protected speech abridging her privileges and immunities as a citizen.

4.34   Defendants violated the privilege and immunity clause, and injured Plaintiff.

### J.   Defendants Violated the Due Process Separation of Powers in its Violation of the First Amendment.

4.35   Defendants' legislation violated the structural principles secured by the separation of powers, which protected Plaintiff as an individual.

4.36   Defendants' actions exceeded the authority given that branch of government.

4.37   Defendants' authority is to make law, not to suppress speech of other branches of the government.

4.38   Defendants' violation of separation of powers interfered with Plaintiff's First Amendment right, and injured her.

### K.   Defendants Passed an Unlawful Bill of Attainder Against Plaintiff.

COMPLAINT
Page 26 of 36

4.39   Defendants' Resolution was an unlawful Bill of Attainder against Plaintiff, in violation of U.S. Const. art. I, § 9, cl. 3 ("No Bill of Attainder or ex post facto Law shall be passed.").

4.40   A bill is constitutionally defined as an act "which shall have passed the legislature." Wash. Const. art. III, § 12.  Defendants' Resolution 2023-0081 passed the City's legislature, and constitutes a bill.

4.41   Defendants' Resolution was a legislative branding of Plaintiff, stigmatizing and marking Plaintiff with a brand of infamy and disloyalty, including disloyalty to her citizens and city; Defendants specifically inflicted that punishment on Plaintiff without a judicial trial.

4.42   Defendants' punishment was intended to disqualify Plaintiff from a position of trust as Mayor, to damage her legitimacy, and to deprive her of a fair election process.

4.43   Defendants act seriously impaired Plaintiff's chances in the election, and her chances of earning a living thereafter.

4.44   Defendants' excessive language in targeting Plaintiff had no *non*punitive legislative purpose. Defendants' Resolution does not promote

COMPLAINT
Page 27 of 36

*M*ARY
*S*CHULTZ
*L*AW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

"inclusion" per the "City motto" or its professed terms because it excludes and denounces disfavored views and citizens.

4.45  The purpose of Defendants' Resolution No. 2023-0081 was the enactment of an unlawful bill of attainder, which injured Plaintiff.

L.  Intent and Injury.

4.46  Defendants passed Resolution 2023-0081 as punishment of Plaintiff for speech, to influence an election, and as a government imprimatur of what speech and associations were acceptable from Plaintiff, and within the City of Spokane.

4.47  Defendants' actions were not self-governance, but speech suppression and electoral interference by one branch of local government against another.

4.48  Defendants' retaliation was intended to, and would, stifle any reasonable person from speaking out.

4.49  Defendants' retaliation was intended to, and would, influence an election and third parties associated with that election.

4.50  As a direct and proximate result of Defendants' adoption of Resolution No. 2023-0081, undertaken to punish Plaintiff's protected speech

COMPLAINT
Page 28 of 36

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

and to influence the pending election, Plaintiff suffered and continues to suffer reputational harm, economic loss, chilled speech and association, and threats.

4.51 Defendants' Resolution suppressed and compelled speech, suppressed association, damaged candidate relationships, destroyed Plaintiff's professional reputation, and damaged her relationships and election chances, including damaging her relationships with third parties such as staff, voters, and donors.

4.52 Defendants' actions caused Plaintiff economic loss in the form of increased expenditures, consulting fees, time and focus, and ultimately decreased her vote share, and caused reputational harm.

4.53 Defendants' Resolution interfered with Plaintiff's ability to meet with all of her constituents, regardless of their beliefs.

4.54 Defendants' Resolution required or caused Plaintiff to cease speaking with and associating with constituents, and to condemn those whose views were disfavored by the favored "community faith leaders" and Defendants.

4.55 Defendants' actions damaged Plaintiff as an individual, and as a candidate.

COMPLAINT
Page 29 of 36

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.56  Defendants' punishment has inflicted permanent reputational harm on Plaintiff.

4.57  Resolution 2023-0081 remains active and continues to interfere with Plaintiff's ability to speak and associate freely in Spokane without harm. Because Resolution 2023-0081 remains active and continues to chill Plaintiff's speech and association, cause threats and fear, and restrict her public engagement, declaratory and injunctive relief are necessary to redress ongoing harm.

M. Punitive Damages Are Requested Against the Individual Defendants.

4.58  Each individual defendant acted intentionally, recklessly, oppressively, unjustifiably, and with gross and deliberate indifference to Plaintiff's constitutional rights, justifying an award of punitive damages.

N. Monell Liability/Qualified/Legislative Immunity.

4.59  The City Council is the legislative final policymaker, and adopted the resolution as official City policy on September 25, 2023, which caused the constitutional violations alleged. Defendant City of Spokane has 42 U.S.C. § 1983 *Monell* liability based upon its final policymaker's actions.

COMPLAINT
Page 30 of 36

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.60   The City Council made a deliberate choice to follow a course of action violating First Amendment protections that have been in place for decades; it did so when the relevant First Amendment law was clearly established.

4.61   At all times relevant, Defendants Kinnear (Council President), Wilkerson (Councilmember, District 2), Stratton (Councilmember, District 3), and Zappone (Councilmember, District 3) served on the Spokane City Council; each is sued in both personal and official capacities for acts connected to Resolution No. 2023-0081.

4.62   Each individual Defendant is subject to liability because each Defendant's action was action under color of state law, acting in their official capacity or while exercising their responsibilities pursuant to state law, and violated clearly established constitutional rights of which a reasonable person would have known.

4.63   Each individual Defendant is also individually liable because each of them personally participated as individuals in ensuring that the rights deprivation was implemented.

COMPLAINT
Page 31 of 36

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.64  The named individual Defendants are not entitled to qualified immunity on Plaintiff's damage claims.

4.65  Defendants are not entitled to legislative immunity.

4.66  Defendants' resolution was designed to harm Plaintiff as a named individual, and was directed at Plaintiff as a single individual.

O. State Law: Defendants  Violated Washington's Law Against Discrimination in Public Accommodations.

4.67  Defendants Violated Washington's Law Against Discrimination in Public Accommodations, RCW 49.60.030 (1)(b).

4.68  Defendant City of Spokane is a corporate entity "where the public gathers, congregates, or assembles for amusement, recreation, or public purposes." RCW 49.60.040 (2).

4.69  "Full enjoyment of" the place of public assemblage includes the right to admission "without acts directly or indirectly causing persons" of any (religion) "to be treated as not welcome." RCW 49.60.040 (14).

4.70  By adopting a city policy denouncing Plaintiff's religious association at a public event within the City and signaling that such attendance

COMPLAINT
Page 32 of 36

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

and association renders her unwelcome, Defendants interfered with Plaintiff's full enjoyment of public accommodations without discrimination.

### P. State Law: Defendants Violated Washington's Law Against Discrimination in Employment.

4.71 Washington's law against discrimination grants the right to obtain and hold employment without discrimination, and this includes a prohibition against religious discrimination. RCW 49.60.030.

4.72 Defendants (1) acted with a discriminatory motive in enacting Resolution 2023-0081 in retaliation against Plaintiff for perceived disfavored religious and political views, and (2) its discriminatory motivation was a significant or substantial factor in its denouncing and ostracizing Plaintiff.

4.73 Defendants caused Plaintiff injury and damages as detailed above.

### Q. State tort: Intentional Infliction of Emotional Distress.

4.74 By the foregoing acts, Defendants individually and collectively engaged in (1) extreme and outrageous conduct; (2) which intentionally or recklessly inflicted emotional distress on Plaintiff; and (3) Defendants' actions actually resulted in severe emotional distress to the Plaintiff.

COMPLAINT
Page 33 of 36

*MARY SCHULTZ LAW, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.75    Defendants' use of legislative powers to unconstitutionally target, punish, humiliate, denounce, and damage a citizen is extreme and outrageous conduct.

4.76    First Amendment law has outlawed the kind of actions detailed here for decades.

4.77    Defendants' extreme and outrageous conduct proximately caused Plaintiff injury and damage as detailed above.

4.78    Defendants' conduct was and remains intentionally designed to inflict distress on Plaintiff, did so, and continues to do so.

4.79    Plaintiff suffered and suffers continuing damages in the form of noneconomic damages similar to those experienced as detailed above.

R.    Declaratory and Injunctive Relief.

4.80    As detailed above, Resolution 2023-0081 remains active and continues to interfere with Plaintiff's ability to speak and associate freely in Spokane without harm.

4.81    Resolution 2023-0081 remains active and continues to chill Plaintiff's speech and association, cause threats and fear, and restrict her public engagement.

COMPLAINT
Page 34 of 36

4.82    Declaratory and injunctive relief are necessary to redress ongoing harm

## V.    REQUEST FOR RELIEF.

5.1    Plaintiff requests relief as follows:

5.2    An order declaring Resolution No. 2023-0081 unconstitutional and an abuse of legislative power, and order its vacatur.

5.3    An order awarding damages, and judgment, jointly and severally, against Defendants for damages sustained by Plaintiff, both economic and non-economic.

5.4    An order awarding prejudgment interest on all past wage loss and past economic damages awarded.

5.5    Judgment for punitive damages in favor of Plaintiff against the individually named Defendants.

5.6    Judgment for all attorney fees and costs incurred in pursuing relief per 42 U.S.C. § 1983, via 42 U.S.C. § 1988.

5.7    Declaratory and Injunctive relief.

COMPLAINT
Page 35 of 36

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

5.8     For any and all such other relief as is just and equitable under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the laws of the State of Washington at the time of trial.

## VI.    JURY DEMAND.

6.1     Plaintiff demands a jury of twelve.

Dated this 21st day of July, 2026.

MARY SCHULTZ LAW, P.S.

/s/Mary Schultz
Attorney for Plaintiff
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

COMPLAINT
Page 36 of 36