W. Scott Ferron, WSBA #61154
Kevin J. Kennedy, WSBA #55687
PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
(206) 245-1700
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

NADINE WOODWARD,

Plaintiff,

v.

CITY OF SPOKANE; BETSY WILKERSON; LORI KINNEAR; KAREN STRATTON; and ZACK ZAPPONE, each in his or her personal and official capacity,

Defendants.

No. 2:26-cv-00310

RESPONSE TO PLAINTIFF'S MOTION TO DENY/STRIKE DEFENDANTS' MOTION TO DISMISS FOR NONCOMPLIANCE RESUBMISSION

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

III. ARGUMENT ..... 3

A. Defendants' used their standard format for this District in good faith, and did not circumvent the Court's order. ..... 3

B. Fourteen-point type at exactly 28-point spacing is double spacing. ..... 3

C. Many experienced practitioners in this District use the same format. ..... 6

D. If Defendants' understanding is incorrect, Defendants respectfully request and will abide by the Court's clarification ..... 7

E. Plaintiff's proposed remedy is unwarranted and unduly prejudicial. ..... 7

IV. CONCLUSION ..... 8



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I. INTRODUCTION

Consistent with this Court's October 1 Order, Defendants' refiled Motion to Dismiss, ECF No. 15, is 20 pages. It is set in 14-point type with each line spaced exactly 28 points apart—twice the type size—in compliance with LCivR 10(d)'s requirement that text be "double spaced." That is the same format as Defendants' original 30-page motion to dismiss, the same format as the parties' stipulated motion to exceed page limits, the same format defense counsel uses in every filing in this District, and the same format that other experienced practitioners have used in this District and before this Court. If, however, the Court reads LCivR 10(d)'s spacing requirement differently, Defendants would welcome and follow the Court's guidance.

Should the Court agree with Plaintiff's reading of LCivR 10(d), Plaintiff's proposed remedy does not fit the circumstances. Plaintiff has already responded to the motion in full. She has had Defendants' arguments since the original motion was filed on September 22, 2026, and she identifies no argument she was unable to make. The motion to strike should be denied. If the Court finds some relief is warranted, the ability for Plaintiff to file a short surreply would address Plaintiff's concern without restarting briefing on a fully briefed motion.

## II. BACKGROUND

On September 21, 2026, the Parties filed a Stipulated Motion to Exceed Page Limits for Defendant's then-forthcoming motion to dismiss. ECF No. 11. On September 22, pursuant to that request, Defendants filed a 30-page motion to dismiss. ECF No. 12. Per defense counsel's standard



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

practice for filings in this district, and consistent with LCivR 10(d), both the stipulated motion and the motion was set in 14-point type with each line double spaced exactly 28 points apart. ECF No. 11; ECF No. 12; Declaration of W. Scott Ferron ("Ferron Decl.") 5.

On October 1, 2026, the Court denied the parties' stipulated motion to exceed page limits, struck Defendants' 30-page motion to dismiss and granted leave to refile " "in compliance with the page limits in LCivR (7)(f)." ECF No. 14. Neither the Court nor Plaintiff raised any concerns with the formatting or type spacing of Defendants' motion.

Pursuant to the Court's order, Defendants reduced their motion to dismiss to 20 pages and refiled that motion on October 20. ECF No. 15. The refiled motion uses the same type spacing as the original: its body text is 14-point Times New Roman with line spacing set to "exactly 28 points," so each page holds 22 lines of text. Ferron Decl. ¶¶ 3–4, Ex. A.

Plaintiff filed her 20-page response on November 10. ECF No. 18. She then filed this motion on November 12. ECF No. 19.

Defendant's filed their reply, which is under the 10-page limit, on November 24. ECF No. 22. It follows the same formatting conventions as Defendants' motion to dismiss. This is defense counsel's standard format for filings in this district and they understand this format to be consistent with the district's local rules. Ferron Decl. ¶ 5.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## III. ARGUMENT

### A. Defendants' used their standard format for this District in good faith, and did not circumvent the Court's order.

The Court's Order required Defendants to refile "in compliance with the page limits in LCivR 7(f)." ECF No. 14 at 2. Defendants did so. They cut the motion to 20 pages, using the same typeface, type size, and line spacing that they used in the original 30-page motion, and that counsel uses in every filing in this District. Ferron Decl. ¶ 5. Nothing about ECF No. 15's format was adopted to fit this motion. Plaintiff's cases involve briefs that were overlength on their face, set in type smaller than the rule allowed, or formatted in a way the local rule expressly prohibited. That did not happen here.

### B. Fourteen-point type at exactly 28-point spacing is double spacing.

LCivR 10(d) requires a proportionally spaced typeface "of 14 points or more" and provides that "[t]ext and footnotes must be double spaced." The rule does not define double spacing by reference to any word processor's setting. In ordinary typographic terms, double spacing means that each line occupies twice the height of the type, so that a second line's worth of white space separates each line of text. For 14-point type, that is 28 points. See Ferron Decl. Ex. A (excerpt of Typography for Lawyers (online edition), also available at https://typographyforlawyers.com/line-spacing.html. ECF No. 15 meets that standard exactly. Ferron Decl. ¶ 4.

Plaintiff's contrary reading equates "double spaced" with Microsoft Word's "Double" setting. But that setting is unique to Microsoft and multiplies the font's



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

built-in line height, not its point size. For 14-point Times New Roman, it produces lines roughly 32 points apart, about 2.3 times the type size. Ferron Decl. ¶ 12. Nothing in LCivR 10(d) adopts that software convention, and the 28-point setting serves the purpose of LCivR 10(d)'s line-numbering requirement, because, if it is not disrupted by a heading with different spacing, each line of text sits on its own numbered line.[1] Moreover, reliance on a Microsoft-specific spacing convention would create inconsistencies across word processing platforms while doing nothing to further the rule's purpose.

The only decision Plaintiff cites that addresses exact line spacing under a rule requiring double spacing is *Andrich v. Glynn*, and it rejected Plaintiff's position. The defendants there used "exactly 24-point" spacing, which they explained "many typographers consider double-spaced" and many firms use so

[1] In Defendants' Motion to Dismiss, they did not convert from 24-point line spacing for the line numbers along the margin, leaving 27 numbered lines along the left margin. *See* LCivR 10(d) ("All pleadings shall be in English and prepared in 8½" x 11" format with line numbers in the left vertical margin."). This was an inadvertent error, and is not standard practice, as evidenced by other filings of our firm in this District. *See, e.g.*, Motion to Dismiss, *Shea v. City of Spokane*, No. 2-25-cv-00031JAG**,** ECF No. 6 (filed Jan. 30, 2025); Motion to Dismiss, *Beuca v. Washington State University*, No. 2-23-CV-00069-TOR, ECF No. 2 (filed Mar. 22, 2023). The spacing of the line numbers along the margin did not affect the spacing of the body text.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

that text aligns with numbered pleading lines. 2023 WL 4847592, at *2. The court held that this complied with the District of Arizona's double-spacing rule, noting that the practice makes documents "cleaner in appearance and easier for the Court to cite." *Id.* at *3. Despite Plaintiff's argument otherwise, the Court did not condition that conclusion on the premise that the litigants' requiring more space for their arguments—that was a purely alternative rationale. *Id.*

Other courts have agreed with *Andrich*'s approach. *E.g.*, *Jones v. Varsity Brands, LLC*, 2:20-CV-02892-SHL-TMP, 2023 WL 11804062, at *1–2 (W.D. Tenn. Nov. 14, 2023) (concluding that using 24-point-spacing and 12-point font did not violate local rule requiring that "lines must be double-spaced"); *Sameer v. Khera*, 117CV01748DADEPG, 2018 WL 3472557, at *1 (E.D. Cal. July 18, 2018) (explaining in the context of local rule requiring that filings "shall be double-spaced" and in 12-point font meant that "double-spaced [means] at minimum, 24-point *line spacing*."). But this understanding is admittedly not universal. *E.g.*, *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, 319CV00515KDBDSC, 2022 WL 1081850, at *2 (W.D.N.C. Apr. 11, 2022). In *Duke Energy*, the district court was unpersuaded by the argument that 24-point spacing should be viewed as "double spacing" for 12-point. *Id.* There, however, the Court also explained that in that case the party in question had submitted numerous filings that were "double spaced" in Microsoft Word and then changed to 24-point spacing for just their summary judgment motion. *Id.* at *1. That is not the case here—Defendant's counsel has consistently used 28-point spacing for its filings in this matter and other matters in this District.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Plaintiff's remaining authorities are not analogous. Each involved a filing that was noncompliant on its face or a rule that expressly prohibited what the party did, and none struck a brief for its line spacing. In *Williams v. Vilsack*, the brief was 19 pages against a 16-page court-ordered limit, and the parties "even apparently" reduced the spacing on the final three pages. The court issued a warning. 2021 WL 4786188, at *1 n.1. In *Lara-Valenzuela*, a party granted triple the usual page allowance filed in 11-point type where the rule required 13-point. The court again warned. 2015 WL 1951632, at *1. *Cristler* applied a Montana rule that expressly provides that "[s]pacing mechanisms such as 'Exactly 24' are not acceptable." 2008 WL 11348475, at *1 (quoting D. Mont. L.R. 10.1(a)). The language Plaintiff presents as *Cristler*'s holding is actually the text of that rule, ECF No. 19 at 7, and LCivR 10(d) contains no such prohibition. *King County v. Rasmussen* involved responses 8 and 10 pages over the limit and not address spacing or font size, 143 F. Supp. 2d at 1227, and *U.S. Fire Insurance* addressed footnoted citations, 523 F. Supp. 3d at 1267 n.1. ECF No. 15, by contrast, is within the page limit, uniformly formatted in counsel's standard format, and filed under a rule that does not prohibit exact line spacing.

### C. Many experienced practitioners in this District use the same format.

Defendants are not alone in reading LCivR 10(d) this way. A brief search revealed that filings by the Washington Attorney General's Office and Perkins Coie LLP use 14-point type with exactly 28-point line spacing. Ferron Decl. ¶¶ 7–11, Exs. B–D. Exhibit D is a filing before this Court that uses such spacing.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Other practitioners use Word's "Double" setting, and practice in the District varies. But Defendants are aware of no decision of this Court treating 28-point spacing on 14-point type as noncompliant.

### D. If Defendants' understanding is incorrect, Defendants respectfully request and will abide by the Court's clarification

Defendants' format reflects their good-faith understanding of LCivR 10(d), shared by other practitioners in this District. If the Court reads the rule to require a greater line spacing, Defendants respectfully request the Court's guidance, and will conform to any such guidance in the future.

### E. Plaintiff's proposed remedy is unwarranted and unduly prejudicial.

Plaintiff asks the Court to deny the motion to dismiss, reset briefing, and award terms. ECF No. 19 at 8–9. That relief is out of proportion to any formatting issue. The motion is fully briefed. Plaintiff filed a complete 20-page response, ECF No. 18, has had Defendants' arguments since the original motion—which was formatted in the same manner—was filed on September 22, 2026, and never previously raised concerns with the formatting of Defendant's identically formatted filings in this case. While her declaration asserts that she was "unable to fully address structural arguments," she fails to identify a single argument she could not make. ECF No. 19 at 3; Schultz Decl. ¶ 5. Striking the motion would delay resolution of threshold issues, require both parties to repeat completed briefing, and give Plaintiff a second response to arguments she has already answered.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Plaintiff also counts ECF No. 15's table of authorities toward the page limit. LCivR 7(f)(4) excludes a "table of contents." Defendants understood the tables accompanying a brief to be excluded together, consistent with common practice. If the Court disagrees, the remedy for that issue, too, is guidance, not striking a fully briefed motion.

No relief is necessary. But if the Court concludes otherwise, the appropriate remedy is to grant Plaintiff leave to file a surreply of no more than five pages within seven days of the Court's order, addressing any argument she contends she could not develop. That remedy fully addresses Plaintiff's asserted prejudice without discarding the briefing both parties have completed.

## IV. CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion to Deny/Strike, ECF No. 19. In the alternative, Defendants request that the Court grant Plaintiff leave to file a surreply of no more than five pages within seven days, and provide any guidance on LCivR 10(d) that it deems appropriate for future filings.

DATED this 24th day of November, 2026.

PACIFICA LAW GROUP LLP

*s/W. Scott Ferron*

W. Scott Ferron, WSBA #61154
Kevin J. Kennedy, WSBA #55687
PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

(206) 245-1700

scott.ferron@pacificalawgroup.com
kevin.kennedy@pacificalawgroup.com

Attorneys for Defendants